IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN HOYE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-1689 |
| | ) |
| SOCIAL SECURITY OFFICE, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 2nd day of October, 2024, upon consideration of Plaintiff's "Motion to Have My Social Security Office Pay Me Back Payment Money from 2013" (Doc. No. 6), filed in the above captioned matter on October 3, 2023; Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 11) and brief in support thereof (Doc. No. 12), filed on November 15, 2023; Plaintiff's "Motion to Dismiss Defendant's Motion to Dismiss My Complaint" (Doc. No. 14), "Motion to Request Social Security Office to Prove They Don't Owe Me Any Money Since 2013" (Doc. No. 15), "Motion to Turn Over Social Security Policy on Back Payment Being Owed" (Doc. No. 16), and "Amended Complaint" (Doc. No. 17), all filed on November 27, 2023,

IT IS HEREBY ORDERED as follows:

Plaintiff's "Motion to Have My Social Security Office Pay Me Back Payment Money from 2013" (Doc. No. 6) is DENIED.

Plaintiff's "Motion to Dismiss Defendant's Motion to Dismiss My Complaint" (Doc. No. 14) is DENIED.

Plaintiff's "Motion to Request Social Security Office to Prove They Don't Owe Me Any Money Since 2013" (Doc. No. 15) is DENIED.

Plaintiff's "Motion to Turn Over Social Security Policy on Back Payment Being Owed" (Doc. No. 16) is DENIED.

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 11) is GRANTED, and this matter is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(1). The case will be marked as closed.

The administrative history of this case relevant to the matters before the Court is not disputed. Plaintiff filed a claim for benefits under Title XVI of the Social Security Act with the Social Security Administration ("SSA") on January 10, 2023, alleging that his disability began on December 31, 2013. In April of 2023, Plaintiff was found disabled as of the application date of January 10, 2023. A Notice of Award was sent to Plaintiff on June 6, 2023, informing Plaintiff that he was eligible for benefits as of April 13, 2023, and that he had 60 days to appeal this decision to the SSA. There is no evidence, nor does Plaintiff contend, that he sought an appeal, a conference, or an administrative hearing after receiving the notice. In fact, Plaintiff took no action until September 25, 2023, when he filed a federal action with this Court. Shortly thereafter, on October 3, 2023, he filed his "Motion to Have My Social Security Office Pay Me Back Payment Money from 2013," and three days later, he filed exhibits in support of his complaint (Doc. No. 9).

Defendant responded by filing the present motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that although Plaintiff had filed a claim for benefits, he had failed to exhaust the administrative remedies available to him. The Court ordered a response from Plaintiff to this motion, and in response, he filed the motions set forth above, as well as an Amended Complaint, on November 27, 2023, none of which addressed the issue of whether he exhausted his administrative remedies. Having reviewed all of the filings in the record, the Court is satisfied that there is no dispute as to the administrative procedural history of this case. Because that history shows that Plaintiff did not, in fact, exhaust his administrative remedies prior to filing this action, the case will be dismissed.

Section 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Accordingly, Section 405(g) permits a district court to review only the Commissioner's "final decision." *See also Califano v. Sanders*, 430 U.S. 99, 108 (1977). "Without a 'final decision,' the District Court has no jurisdiction to review the Commissioner's determination." *Van Williams v. Soc. Sec. Admin.*, 152 Fed. Appx. 153, 154 (3d Cir. 2005) (citing *Fitzgerald v. Apfel,* 148 F.3d 232, 234 (3d Cir.1998)). "[T]he Act does not define 'final decision,' instead leaving it to the [SSA] to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a); *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975)). The pertinent SSA regulations provide that

a claimant must complete a four-step administrative review process, ending with a request for review by the Appeals Council, to obtain a judicially reviewable final decision. *See* 20 C.F.R. § 416.1400(a); *Doyle v. Barnhart*, No. CIV.A. 03-0264, 2004 WL 1237359, at *3 (E.D. Pa. May 17, 2004). A claimant who has failed to exhaust these administrative remedies may not obtain judicial review. *See Sims*, 530 U.S. at 107.

There is no question here that Plaintiff did not avail himself of all the opportunities available for relief at the administrative level. Therefore, he has not exhausted his administrative remedies, and there is no final decision for this Court to review. As such, the Court is without jurisdiction and will dismiss the matter without prejudice. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agencies except as provided herein.").

s/Alan N. Bloch
United States District Judge


ecf:    Counsel of record

cc:    Nathan Hoye
       2949 North Charles Street
       Apartment 303
       Pittsburgh, PA 15214